UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

WOODY'S RESTAURANT, LLC,          )
et al.,                           )
                                  )
       Plaintiffs,                )    Civil Case No.
                                  )    5:12-cv-92-JMH
v.                                )
                                  )    **MEMORANDUM OPINION**
TRAVELERS CASUALTY INSURANCE      )    **AND ORDER**
COMPANY OF AMERICA,               )
                                  )
       Defendant.                 )

                               ***

This matter is before the Court upon Plaintiffs' Motion to Remand. [D.E. 13]. Defendant has filed a Response [D.E. 20] and Plaintiffs filed a Reply. [D.E. 22]. This matter being fully briefed, and the Court being otherwise sufficiently advised, Plaintiffs' Motion is ripe for review.

**I. Procedural Background**

Plaintiffs originally filed this suit in the Boyle County Circuit Court, seeking monetary damages. [D.E. 1-1]. Defendant removed the action to this Court. [D.E. 1]. Plaintiff now asks the Court to remand this matter back to the Boyle County Circuit Court based on the *Colorado River* abstention doctrine. [D.E. 13].

Plaintiffs claim *Colorado River* abstention is appropriate in this matter because of a parallel proceeding ongoing in Boyle County Circuit Court. The alleged parallel proceeding was filed

by Coast United Advertising Co., Inc. (hereinafter "Coast United") against Plaintiffs and Defendant. Plaintiffs aver that this action is parallel because Coast United has asserted identical claims against Defendant as Plaintiffs have asserted against Defendant in this Court. [D.E. 13-1 at 2]. Furthermore, the claims arise out of the lack of payment on an insurance policy for the same damage to the same piece of property. [D.E. 13]. In other words, Plaintiffs and Coast United are both seeking to recover from Travelers for damage sustained to the same building. The only difference is that Plaintiffs' claims are before this Court and Coast United's are before the Boyle County Circuit Court.

The Court construes Plaintiffs' Motion as a motion to abstain, requesting remand as the form of relief. However, "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Plaintiffs have requested monetary damages; therefore, this Court may not remand based on abstention principles. Nonetheless, the Court will analyze whether it should stay the action under the *Colorado River* abstention doctrine.

**II. Standard of Review**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817).

For *Colorado River* abstention to apply, there must first be a parallel state proceeding. *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). If there is a parallel proceeding, there are eight factors that must be considered: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-41 (citing *Colorado River*, 424 U.S. at

818-19; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-28 (1983); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978)). "These factors, however, do not comprise a mechanical checklist. Rather, they require a 'careful balancing of the important factors as they apply in a given case' depending on the particular facts at hand." *Id.* at 341 (quoting *Moses H. Cone*, 460 U.S. at 15-16). The balancing of the factors should be "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

**III. Analysis**

The first step in analyzing whether *Colorado River* abstention is appropriate is to determine if the action before this Court and the state action are parallel proceedings. *See Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d at 31. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (citations omitted) (internal quotation marks omitted); *see also Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 613 (E.D. Ky. 2010) (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)) ("Suits are parallel if substantially the same parties litigate substantially the same issues."). The action before this Court and the state court action involve the withholding of payment on an insurance policy for the same damage to the same

4

piece of property in Danville, Kentucky. Plaintiffs and Defendant in this action are named as defendants in the state court action. The plaintiff in the state court asserts identical claims against Defendant Travelers as Plaintiffs assert in the action before this Court. *See* [D.E. 1-1; 13-2]. The plaintiff in the state court action, Coast United, is not present before this Court, but that is not determinative of whether the proceedings are parallel. *Total Renal Care, Inc.*, 743 F. Supp. 2d at 614 (citations omitted) ("[T]he presence of additional parties in one suit but not the other will not necessarily destroy parallelism."). As both actions may determine what, if any, Travelers owes, and to whom, as well as if Travelers violated several Kentucky statutes, the Court finds that the proceedings before this Court and the proceedings before the state court have enough similarities to be considered parallel.

Having found the actions to be parallel, the Court will balance the factors enumerated above to determine if abstention is appropriate. The first factor to be balanced is "whether the state court has assumed jurisdiction over any res or property." *Romine*, 160 F.3d at 340. This is an action to determine if insurance proceeds should be paid. There is no real property over which to assert jurisdiction and neither party has asserted that the state court has exercised jurisdiction over specific

5

monies. The *Colorado River* decision was concerned with jurisdiction over a specific piece of property, namely, water rights, not an interpretation of an insurance policy. *See Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d at 31 (citations omitted) ("[T]he cases relied upon by the Court in *Colorado River* for the *res* exception all dealt with the *disposition* of property."). This factor weighs in favor of exercising jurisdiction.

The second factor is "whether the federal forum is less convenient to the parties." *Romine*, 160 F.3d at 340-41. This factor "relates to geographical considerations," not whether the state court "can resolve every issue in a single proceeding." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). Plaintiffs have conceded that the federal forum is not less convenient because all of the parties can easily travel to the federal forum [D.E. 13-1 at 5], and Defendant agreed. [D.E. 20 at 5]. Thus, this factor weighs in favor of exercising jurisdiction.

The third factor is the "avoidance of piecemeal litigation." *Romine*, 160 F.3d at 341. This is "the consideration that was paramount in *Colorado River*." *Moses H. Cone*, 460 U.S. at 19. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering

conflicting results."  *Romine*, 160 F.3d at 341 (citations omitted).

If both suits go forth in this matter there is only a possibility, not a certainty, that the same issue would be addressed by both courts. Plaintiff Woody's, the Travelers insurance policy holder, has not asserted a cross-claim against Defendant Travelers in the state court action. Rather, Coast United, the plaintiff in the state court action, is claiming that it is an intended beneficiary of the insurance policy issued by Travelers to Woody's, and the proceeds should be paid to it as an intended beneficiary. [D.E. 13-2 at 9]. Therefore, before addressing the issues before this Court, whether Travelers breached the insurance contract with Woody's or violated Kentucky statutes, the state court will have to determine if Coast United has a right to sue on the insurance policy. If the state court determines Coast United was not an intended beneficiary of the insurance policy, the state court will never address the issues presented to this Court. Thus, this case may or may not present the possibility of inconsistent determinations, and, even if it does, the significant duplicative issues concerned in *Colorado River* will not be present.

> It is true, as the defendants suggest, that the defendants could face inconsistent verdicts. They could be found liable in state court and not liable in

7

> federal court, or vice versa. But that is not really the danger that *Colorado River* was concerned about. In *Colorado River*, the state and federal litigation both concerned rights to the *same water*. If the state court held that the plaintiffs were entitled to the water but the federal court held that the defendants were entitled to the same water, there would be a serious problem. Avoiding that intractable situation was the primary impetus behind the federal court's abstention in *Colorado River*. The possible danger from piecemeal litigation here is much less concerning.

*Total Renal Care, Inc.*, 743 F. Supp. 2d at 616; *see also Colorado River*, 424 U.S. at 816 (citations omitted) ("[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction."). Because this matter does not present the same "intractable situation" as *Colorado River*, and this Court and the state court may not even be forced to decide the same issues, the avoidance of piecemeal litigation factor does not support the extraordinary remedy of abstention.

The fourth factor is "the order in which jurisdiction was obtained." *Romine*, 160 F.3d at 341. The federal action was removed to this Court on March 29, 2012 [D.E. 1], and the state court action was not filed until July 9, 2012. [D.E. 13-2 at 1]. This militates in favor of exercising jurisdiction. However, this factor should be analyzed in conjunction with the seventh factor, the progress of the state and federal proceedings. *See Moses H. Cone*, 60 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed

8

first, but rather in terms of how much progress has been made in the two actions."). While there may have been more motion practice in the state court proceeding, due to more parties being involved, [D.E. 13-1 at 7], a bankruptcy stay has just been lifted in both actions. *See* [D.E. 14]. Therefore, both cases are still in the early stages of litigation. Thus, the order of jurisdiction, and more importantly, the progress of the state and federal proceedings weigh in favor of exercising jurisdiction. *See PaineWebber, Inc.*, 276 F.3d at 208 ("The seventh factor, however, once again points toward exercising federal jurisdiction, because the state court action has not progressed to any significant degree.").

The fifth factor is "whether the source of governing law is state or federal." *Romine*, 160 F.3d at 341. The causes of action are for breach of contract and various alleged violations of Kentucky statutes [D.E. 1-1], thus, state law governs the action. However, "the source-of-law factor is less significant when the states and federal courts have concurrent jurisdiction." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004) (citing *Moses H. Cone*, 460 U.S. at 25). There is concurrent jurisdiction; therefore, this factor, if anything, militates in favor of abstention.

The sixth factor analyzes "the adequacy of the state action to protect the federal plaintiff's rights." *Romine*, 160 F.3d at

341.  There is no suggestion that Plaintiffs' rights would not be protected in state court.  This factor weighs in favor of abstaining.  *See PaineWebber, Inc.*, 276 F.3d at 208 ("[T[he sixth factor . . . presents the strongest basis for abstaining, because the state court action is adequate to protect PaineWebber's interests.").  However, the Court is cognizant that, while the issues before this Court and the state court are the same, the Plaintiffs' claims against Travelers are only before this Court.  Thus, as to Plaintiffs' claims, there is nothing for the state court to protect.

The final factor asks whether the state and federal court have concurrent jurisdiction.  *Romine*, 160 F.3d at 341.  This factor favors abstention because this Court and the state court have concurrent jurisdiction over the matter.  *See Blake v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013) ("[T]he fact that there is concurrent jurisdiction between the state and federal courts evinces a policy favoring abstention.").

The balancing of the factors weighs in favor of the Court exercising its jurisdiction.  Only the governing law, the adequacy of the state court to protect Plaintiff, and the presence of concurrent jurisdiction weigh in favor of abstaining.  However, the Court must remember that the fact that state law governs is tempered because this Court and the state

court have concurrent jurisdiction, and that Plaintiffs' claims are not before the state court. The most important consideration, the avoidance of piecemeal litigation, may not even be an issue in this case, and, even if there are identical issues presented, this case does not present the same situation as *Colorado River* because neither court has taken jurisdiction over res. The Court also notes that the party potentially subject to inconsistent determinations of liability, Travelers, has asked this Court to retain jurisdiction. Given that abstention "is the exception," *Colorado River*, 424 U.S. at 813, this Court finds that this case does not present the extraordinary circumstances where abstention has been found appropriate and will adhere to its "virtually unflagging obligation" to exercise jurisdiction. *Id.* at 817 (citations omitted).

**IV. Conclusion**

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand [D.E. 13] be, and the same hereby is, **DENIED**.

This the 1st day of October, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge