UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| WOODY'S RESTAURANT, LLC, ) et al. ) ) Plaintiff, ) ) v. ) ) TRAVELERS CASUALTY INSURANCE ) COMPANY OF AMERICA, ) ) Defendant. ) | Civil Case No. 5:12-cv-92-JMH-REW **MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter is before the Court upon Defendant's Motion to Bifurcate and Stay Discovery. [D.E. 26]. Plaintiffs have filed a Response [D.E. 27], and Defendant has filed a Reply. [D.E. 28]. This matter being fully briefed, and the Court being otherwise sufficiently advised, this matter is ripe for the Court's review.

**I. Procedural and Factual Background**

Plaintiffs originally filed this suit in the Boyle County Circuit Court, seeking monetary damages. [D.E. 1-1]. Defendant removed the action to this Court [D.E. 1] and Plaintiffs' Motion to Remand was denied. [D.E. 23]. Plaintiffs assert claims for (1) breach of contract; (2) violation of the Unfair Claims Settlement Practices Act, KRS 304.12-230; (3) common law bad faith; (4) a violation of KRS 304.12-235; and (5) a violation of

the Kentucky Consumer Protection Act, KRS 367.110 - .360. [D.E. 1-1].

The suit arises out of an insurance contract Plaintiffs made with Defendant as lessee of a property located in Danville, Kentucky. [D.E. 1-1]. On July 9, 2010, the property was damaged due to a severe thunderstorm. Plaintiffs submitted a claim to Defendant for the damage. It is uncontested that Defendant has paid an amount to Plaintiffs under the policy of insurance, *see* [D.E. 26-1; 27]; however, the parties dispute whether this payment satisfies Defendant's obligations under the insurance contract. Defendant claims it "denied claims for amounts that exceeded the coverage or were not within the coverage provided." [D.E. 26-1 at 2]. Plaintiff believes the dispute is "about the amount of damages owed under a contract of insurance that indisputably does provide coverage for the loss." [D.E. 27 at 1].

Defendant has filed a Motion to Bifurcate and Stay Discovery claiming that the breach of contract claim should be bifurcated from all other claims because bifurcation will "allow for a more efficient and expedient resolution of the claims" and that if not bifurcated, Defendant would be prejudiced "because it would be subjected to cumbersome and potentially unnecessary discovery and costly litigation." [D.E. 26-1 at 4]. Plaintiffs argue that Defendant will not be prejudiced if the case is not

2

bifurcated because this is a first-party action and that discovery should not be stayed because Defendant's concerns can be adequately addressed through a privilege log.

**II. Standard of Review**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). The decision to bifurcate is discretionary, but "it is the burden of the party seeking bifurcation to present evidence establishing that separate trials are necessary." *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, No. 6:06-389-DCR, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006) (citations omitted). "In determining whether separate trials are appropriate, the court should consider several facts, including the potential prejudice to the parties, the possible confusion of the juries, and the resulting convenience and economy." *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-cv-54-R, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal quotation marks omitted). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted).

"Bifurcation may be appropriate where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010). (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)) (internal quotation marks omitted). "[T]he question of bifurcation centers on whether resolution of a single claim would be dispositive for the entire case." *Brantley*, 2011 WL 6012554, at *2 (citing *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005)).

Similarly, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). However, "bifurcation of the trial does not necessarily require bifurcation of discovery." *Honican v. Stonebridge Life Ins. Co.*, No. 05-cv-73-DLB, 2005 WL 2614904, at *2 (E.D. Ky. Oct. 13, 2005) (quoting *Cook v. U.S. Auto. Ass'n*, 169 F.R.D. 359, 362 (D. Nev. 1996)). "One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues." *Id.* (quoting *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998)). "Stay is appropriate

where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Pollard v. Wood*, No. 5:05-cv-444-JMH, 2006 WL 782739, at *2 (E.D. Ky. Mar. 27, 2006) (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)) (internal quotation marks omitted).

## III. Analysis

The circumstances of this action do not warrant bifurcation. It is undisputed that Kentucky law favors bifurcation in a third-party case.

> A bifurcated procedure was the proper way to try the present [third-party] case. This procedure better protects the rights of the two different defendants because it keeps out of the first trial evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial . . . in the trial of the preliminary question of liability.

*Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) (citations omitted) (internal quotation marks omitted). However, in this action the claims brought by Plaintiffs are against a single defendant. Thus, this is a first-party action where "[t]he concerns addressed in *Wittmer* regarding the presentation of evidence against one defendant which may be prejudicial to another, simply are not present." *Lively v. USAA Cas. Ins. Co.*, No. 08-cv-422-JMH, 2009 WL 1116327, at *1 (E.D. Ky. Apr. 24, 2009); *see also Tharpe v. Ill. Nat'l Ins. Co.*, 199 F.R.D. 213, 214 (W.D. Ky. 2001) ("This is a first-party action. . . . Thus,

5

the concerns regarding relevancy and prejudice discussed in the *Whittmer* case take on different contours.").

Plaintiffs' claim of bad faith, the claim under the Unfair Settlement Practices Act, and the alleged violation of the Kentucky Consumer Protection Act all require the same factual showing by Plaintiffs.

> [Plaintiff's] claim of bad faith implicates Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, Kentucky's Consumer Protection Act, KRS 367.110, *et seq.*, and the common law claim of bad faith failure to pay or settle claims. Any of these three bases may support an insured's private tort claim against an insurer upon proof of bad faith failure to pay claims clearly due and payable. In *Wittmer*, the Supreme Court of Kentucky stated that a claim for bad faith refusal to pay or settle claims requires: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Cowan v. Paul Revere Life Ins. Co.*, 30 F. App'x 384, 387 (6th Cir. 2002) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 886, 890 (Ky. 1993)).

The issues of whether Defendant owed additional monies under the insurance contract and whether Defendant had a reasonable basis for refusing to pay the additional amounts are inextricably intertwined. *See Lively*, 2009 WL 1116327, at \*2 ("[T]he issues of whether [defendant] was obligated under the terms of the Policy to pay Plaintiffs' claim and whether USAA

6

acted in bad faith by refusing payment are 'inextricably intertwined.'"); *Tharpe*, 199 F.R.D. at 215 (finding that the issues were inextricably intertwined because defendant would present the same evidence to defeat both of plaintiff's claims; thus, bifurcation served "no purpose"). Much like in *Lively* and *Tharpe*, the evidence tending to show there was no obligation to perform under the contract will also show that Defendant had a reasonable basis for denying the claim. Thus, similar evidence will apply to the contract claims and the non-contractual claims of bad faith, the claim under the Unfair Settlement Practices Act, and the alleged violation of the Kentucky Consumer Protection Act. Based on these facts, bifurcation is not warranted.

The Court also finds that Plaintiffs' final claim, that Defendant violated KRS 304.12-235 by not making a good faith attempt to settle the claim within 30 days of being provided notice of the claim and by denying full payment of the claim without reasonable foundation, does not warrant bifurcation. If Defendant had a reasonable basis for denying the claim, Defendant could not have violated 304.12-235 for failing to make a good faith attempt to settle within 30 days because KRS 304.12-235 requires some showing of bad faith to prevail. *See Dunn v. Ky. Farm Bureau Mut. Ins. Co.*, No. 2008-CA-718-MR, 2009 WL 792746, at *2 (Ky. Ct. App. Mar. 27, 2009) ("While an

interesting argument, were we to accept it, the bad faith provision of subsection (2) [of KRS 304.12-135] would be completely superfluous and the statute would have the same effect as it would if it provided that interest is payable any time the claim is not paid within 30 days of submission of proof of loss.").

Defendant argues it will be prejudiced if the claims are not bifurcated because "[t]rying the claims together would unavoidably 'interject the issue of bad faith into the possibly dispositive dispute of insurance coverage, thus complicating discovery and the trial,' whereas bifurcation would reduce the risk of juror confusion by simplifying the issues. [D.E. 26-1 at 5] (quoting *Mass. Mut. Life v. Watson*, Nos. 12-cv-19-KKC, 12-cv-151-KKC, 2013 WL 142431, at *3 (E.D. Ky. Jan. 11, 2013)). However, prejudice based upon possible juror confusion can be addressed through jury instructions, if needed. *See Lively*, 2009 WL 1116327, at *2 ("USAA's concern can be addressed through carefully drafted jury instructions, when the need arises."). Therefore, bifurcation of the claims is not appropriate at this time.

A stay of discovery on the non-contractual claims is also not warranted in this matter. As grounds for its Motion, Defendant asserts that not staying discovery "will unnecessarily create discovery disputes and ensuing motion practice." [D.E.

26-1 at 5]. Defendant further claims that not bifurcating the claims would lead to prejudice because Defendant "would be subjected to cumbersome and potentially unnecessary discovery and costly litigation." [D.E. 26-1 at 4].

In this case, like in *Tharpe v. Illinois National Insurance Company*, the facts relating to the coverage issue are similar to those involving the bad faith claim. 199 F.R.D. 213, 215 (W.D. Ky. 2001). The decision to deny the claim will be centered around Defendant's determination that the policy limits had been met or that the policy did not cover the claimed damage. More importantly, given the Court's decision that the claims should not be bifurcated, staying discovery on the non-contractual claims would not be prudent at this time.

Defendant claims that the discovery sought is "privileged" and "confidential." [D.E. 28 at 4]. These concerns can be adequately addressed through a privilege log. Privilege logs are routinely used to prevent an opposing party from discovering privileged information and Defendant has presented no argument that it cannot be adequately protected by the use of this discovery device. Therefore, a stay of discovery on the non-contractual claims is inappropriate at this time.

The Court notes that the parties are not precluded from moving for bifurcation at a time closer to trial, if discovery has revealed new information tending to show bifurcation is

appropriate. *See Colvin v. Am. Bankers Ins. Co.*, No. 1:05-CV-150-R, 2006 U.S. Dist. LEXIS 19189, at *3 (W.D. Ky. Apr. 11, 2006) ("If, however, the discovery process reveals information that presents an issue of prejudice which Defendant believes would merit bifurcation of the trial, Defendant may re-file the motion at that time.").

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Bifurcate and Stay Discovery [D.E. 26] be, and the same hereby is, **DENIED**.

This the 9th day of January, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge